JOHN McNALLY, PLAINTIFF-APPELLEE, v. THE PENNSYL-VANIA RAILROAD COMPANY (IMPLEADED WITH HAR-VEY REMSEN), DEFENDANT-APPELLANT.

Submitted July 6, 1915—Decided November 15, 1915.

Where the evidence of the plaintiff tended to show that the defendant, a railroad company, used the yard of plaintiff's employer to deliver coal to it in cars, removing them when empty, and that it was the custom of the defendant to give notice or warning to the workmen employed in the yard of the movement of cars, and the plaintiff, being directed by his employer to go from one part of the yard to another for the purpose of unloading cars, undertook to pass between the end of a standing car and a bumper, and while doing this, no notice of the movement of the car being given, it was suddenly started by the defendant, and the plaintiff caught between the car and the bumper and injured, it was not error to refuse a nonsuit upon the ground of absence of negligence on the part of the railroad company, nor was it error to refuse a direction of verdict for defendant upon the ground of plaintiff's contributory negligence. The denial of the defendant company of the existence of the custom to give notice or warning presented a jury question.

---

On appeal from the Hudson County Circuit Court.

For the plaintiff-appellee, *Richard Doherty.*

For the defendant-appellant, *Vredenburgh, Wall & Carey.*

The opinion of the court was delivered by

BERGEN, J.  The errors assigned are refusal to nonsuit, and to direct a verdict for the defendant.  There was evidence from which the jury might infer that the plaintiff was in the employ of the Hudson and Manhattan Railroad Company on whose property the cars of the defendant company were run at different times for the purpose of delivering coal to the Hudson and Manhattan Railroad Company; that plaintiff was directed by his superior officer, also in the employ of the Hudson and Manhattan Railroad Company, to go from the place where he was to another part of the yard of that company to empty a coal car placed there by the defendant, and in doing this passed between a bumper and a number of coal cars; the distance between being about three or four feet; that as he was passing through this opening, the train was suddenly started back and he was caught between the coal cars and the bumper, causing the injuries for which he recovered a verdict.  There was also testimony from which it might be inferred that it was customary, when cars were to be moved or shifted in the yard, for defendant to give notice to the workmen employed there of such intended action so that they might avoid injury, and that in this case no such notice was given.  What the plaintiff saw was a train of coal cars standing with a passageway between the end of the last car and the bumper, and if that situation continued, he was perfectly safe in doing what he did, but relying upon what he claims was a known custom to give warning if cars were to be put in motion, he proceeded to cross the track assuming that the cars would not be moved.  The argument in favor of the nonsuit and motion for direction for defendant is, that there was no negligence on the part of the defendant, and that if there was, the plaintiff was guilty of contributory negligence.  We do not think that under the facts in this case, it was so clearly a legal question as to justify the court in taking the case from the jury.  There was some contradictory testimony, but that is likely to exist in cases of this kind.  We are of opinion that when it appears by the plaint-

iff's testimony, as in this case, that a railroad company has established a practice of warning persons, employed about its cars under the conditions shown in this case, of the intended movement of trains, such employe has a right to rely upon warning being given, and that the absence of such warning would justify an inference of negligence on the part of the defendant. The fact that the yard belonged to plaintiff's employer and not to the defendant, does not excuse negligence in the operation of trains in the yard. *Jacowicz* v. *Delaware, Lackawanna and Western Railroad Co.,* 87 *N. J. L.* 273.

As we have said, the facts are in dispute, but they were fairly submitted to the jury by the trial court, and no objection is made to the charge. Where it is shown that there was a custom to give notice of the movement of trains, a workman engaged in working around or on the cars, is entitled to rely upon such custom and to assume that if trains are to be moved he will be given the customary warning thereof. Whether such custom exists, or the notice was given, presents a jury question, and therefore the plaintiff having, in this case, produced proof tending to show that there was a custom to give warning, and the existence of that custom being denied by the defendant, a question of fact was presented to be passed upon by the jury and consequently there was no error in refusing the motions upon which the exceptions in this case are based. And for the same reasons the question whether the plaintiff was guilty of contributory negligence, under the circumstances shown, was for the jury.

The judgment below will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, VREDENBURGH, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ. 15.

*For reversal*—None.